**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 94-5497

BEVERLY L. BURTON, a/k/a Beverly
Collins,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-90-276)

Submitted: June 20, 1995

Decided: June 14, 1996

Before HALL, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael R. Cline, Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, Michael L. Keller, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Beverly L. Burton violated one of the terms of her supervised release by distributing crack cocaine, a controlled substance. Upon her guilty plea, the district court revoked her supervised release and imposed a twenty-four month term of imprisonment. Burton appeals both the revocation of her supervised release and the sentence imposed. Burton's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), in which he raised two issues but stated that, in his view, there were no meritorious issues for appeal. Burton was served with a copy of her counsel's brief and notified of her right to file a supplemental pro se brief; she failed to do so.

Burton's counsel presented the following issues for review: whether the district court erred in revoking Burton's supervised release, and whether the twenty-four month sentence imposed by the court was appropriate. However, counsel conceded that revocation was within the court's authority under 18 U.S.C.§ 3583(e) (1988). Burton's counsel noted that he examined the record of the proceedings and found no abuse of discretion in the revocation or the resultant sentence.

The district court must revoke the supervised release of a defendant who possesses a controlled substance in violation of her supervised release. 18 U.S.C. § 3583(g) (1988). At the revocation hearing, Burton did not contest the drug possession charges against her. The court correctly found that Burton's possession of a controlled substance constituted a Class A violation of her supervised release, and, in accordance with section 3583(e), revoked her term of supervised release. United States Sentencing Commission, Guidelines Manual, § 7B1.1 (Nov. 1994). Burton had a prior criminal history category of IV. Therefore, the sentencing guidelines range for violation of supervised release was twenty-four to thirty months. U.S.S.G. § 7B1.4 (Nov. 1994). However, because Burton's underlying convictions were for attempting to distribute and distributing a controlled substance, both Grade C felonies, she could serve no more than twenty-four months in prison as a result of the revocation of her supervised release. 18 U.S.C. § 3583(e)(3) (1988). The court's imposition of a

2

twenty-four month sentence complied with the statutory maximum and the applicable guidelines range.

In accordance with <u>Anders</u>, this court has thoroughly examined the entire record for any potentially meritorious issues for appeal, and found none. Therefore, we affirm the district court's order.

This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.

<u>AFFIRMED</u>

3